IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DINETTA WIGGINS,<br>    Plaintiff, | )<br>)<br>) |
| V. | )<br>) |
| ALLIED BARTON SECURITY SERVICES<br>Serve: Registered Agent:<br>CT Corporation System<br>120 S. Central<br>Clayton, MO 63105 | )<br>)<br>)<br>)<br>)<br>) |
| And | )<br>) |
| TEDDY GARMON, Allied Barton Sec. Cite Mgr.<br>(Individually and Officially)<br>Serve: At<br>Allied Barton Security<br>One S. Memorial Dr., Ste: 1050<br>St. Louis, MO 63102 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| And | )<br>) |
| UNITED PARCEL SERVICE, Inc. (UPS)<br>Serve: Registered Agent:<br>CSC-Lawyers Incorporating Service Co.<br>221 Bolivar Street<br>Jefferson City, MO 65101 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| And | )<br>) |
| Patricia Smith, UPS Security Mgr.<br>(Individually and Officially)<br>Serve at:<br>United Parcel Service<br>13818 Rider Trail<br>Earth City, MO 63034 | )<br>)<br>)<br>)<br>)<br>)<br>) |
|     Defendant(s) | |

## COMPLAINT

COMES NOW, Plaintiff, Dinetta Wiggins, by her undersigned attorney, James Robinson, and for her Complaint against the Defendant(s), states as follows:

1. Jurisdiction and venue are proper in this Court as this Court has specific jurisdiction over Title VII of the Civil Rights Act of 1964, The United States Code- Chapter 42 Section 1981 and this Court has pendent jurisdiction over the claims for Violations of the Missouri Human Rights Act -RSMo Chapter 213.

2. Plaintiff, at all times relevant to this action, has been a citizen of Missouri and a resident of St Louis County, Missouri.

3. Defendant(s), Allied Barton Security Services(ALLIED) and United Parcel Service, Inc. (UPS) at all times relevant, is and has been the "employer" as defined by the Missouri Human Rights Act and Title VII, Civil Rights Act of 1964, as amended.

4. Defendant(s) Teddy Garmon, Allied Barton Security, Cite Mgr and Patricia Smith, UPS Security Mgr., at all times relevant, is and has been "supervisor" as defined by the Missouri Human Rights Act and Title VII, Civil Rights Act of 1964, as amended.

5. At all times relevant to the allegations in this Complaint, Defendant UPS and Allied Barton Security performed security services and operated from the Cite Facility, located at 13818 Rider Trail Dr., Earth City, MO 63034 in Earth City, St Louis County, Missouri.

6. At all times relevant, Defendant(s) employed more than Twenty(20) people in the State Of Missouri.

7. On about September 4, 2015, Plaintiff filed a Charge Of Discrimination with the Civil Rights Enforcement Agency ("CREA") alleging retaliation and discrimination based

upon Sex and Retaliation against Defendant(s). Such charge was dually filed with the Equal Employment Opportunity Commission ("EEOC"). During the Administrative Investigation, the EEOC Investigator, indicated that, Defendant Allied Barton mentioned multiple e-mails and Meetings with Defendant, Patricia Smith, reflecting that Smith by her authority as UPS, ordered the termination of Plaintiff.

8. Plaintiff received her Right To Sue letter from EEOC on March 7, 2016.

9. This lawsuit was timely filed on or before June 1, 2016, (90) days of receipt of the mentioned letter.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed from October 6, 2008 to about July 30, 2014, by Twin City Security as a Security Officer assigned to work at United Parcel Service, Earth City, facility Operation, under the control of UPS Security Manager, Patricia Smith. Plaintiff performed her duties to the legitimate expectations of Defendants and at times exceeded said expectations.

11. In July 2014, Defendant, Allied Barton Security Services, took over the contract to provide security services at U.P.S. Security Officers for Twin City had to be approved by Patricia Smith, UPS Security Mgr., to be hired by Allied Barton to transfer from Twin City Security to Allied in order to continue working at U.P.S. Defendant Patricia Smith had control over all hiring, firing and the maintenance of all security services for U.P.S., to include, control over all contracted security services as well as U.P.S. Loss Prevention Services.

12. Plaintiff was one of the Security Officers, approved to transfer to Allied Barton, and was hired to maintain her Security Officer position at U.P.S.

13. On about July 31, 2014, Plaintiff began her security officer services, now under Defendant Allied Barton Security at U.P.S. the Earth City facility operations.

14. Plaintiff performed her duties to the legitimate expectations of Defendants and at times exceeded said expectations.

15. In January 2015, Plaintiff was selected for promotion and was promoted to Lead Security Officer, receiving a pay raise as well as, elevation in job title and duties.

16. Defendant(s) Patricia Smith as well as, Teddy Garmon, knew, that is, were aware of the security employment contract and valid business expectancy, to which Plaintiff was subject and intentionally interfered with and caused a breach of said contract, doing such in the complete absence of any justification and as a result of the Defendants intentional and evil conduct Plaintiff suffered damages.

17. Plaintiff was employed by Defendant(s) until she was notified on July 16, 2015 that she was being terminated. Plaintiff was informed by Allied Barton Management that she was being terminated. However, the Administrative Proceedings revealed that Defendants Allied Barton as well as United Parcel Services were directly involved in the unlawful termination of Plaintiff.

18. Plaintiff was treated differently from other employees based upon her gender.

19. Plaintiff was subjected to retaliation, which adversely impacted a term and or condition of her employment.

20. Plaintiff's gender was a motivating factor in the actions of Defendants.

21. Plaintiff's acts of submitting legitimate complaints to Defendants also was a motivating factor in the actions of Defendant(s).

22. Defendant Teddy Garmon, created a hostile working environment for Plaintiff, subjecting Plaintiff to a Battery and Assault while on duty and on the grounds of U.P.S.; Both Allied and U.P.S. were made aware of this criminal act perpetrated against Plaintiff and no action was taken by any of the Defendants, thereby the Defendants, their agents, supervisors and or other employees condoned the evil and unlawful conduct.

23. Plaintiff was subjected to such distressing and emotionally disturbing conduct that it manifested, in a medical episode while on duty, with radiating chest pains accompanied by shortness of breath that forced Plaintiff to seek medical treatment. Again, Defendants were aware of this incident as a result of the working environment, and Plaintiff's expressed escalating concerns and complaints and no action was taken.

24. Defendant(s) have practiced and does practice discrimination . retaliation in its discipline and firing policies, practices, and procedures, all affecting the terms and conditions of employment. Furthermore, defendant(s) have given false and pre-textual reasons for actions taken in regard to Plaintiff. All of this affected the terms, conditions and privileges of her employment. Defendant(s) actions and omissions described herein constituted differential treatment based upon gender / retaliation and have adversely impacted Plaintiff.

25. Other Examples of the discrimination and specific instances of discriminatory practices for plaintiff include, but are not limited to the following:

    a. Plaintiff's Charge(s) of discrimination, Charge # 28F-2016-00001 and incorporated by reference as if fully contained herein.

    b. *Differential Discipline*—Plaintiff was given discipline or more severe discipline, including being threatened with termination if she would not cease expressing her reasonable concerns to the company, with no prior warnings, whereas male employees received no discipline or less severe discipline for the same type and or natured alleged infraction and or behavior.

    c. *Retaliation and Hostile Work Environment-* Plaintiff had filed multiple complaints of retaliation and other serious complaints to Defendants (U.P.S. and Allied) Violations of Wage And Hour, regarding Security Officers breaks, management personnel; Plaintiff advised that she would be speaking with the EEOC to report her concerns; Defendants took no remedial actions to address these concerns. Instead, Defendants engaged conduct designed with the specific purpose to retaliate against Plaintiff for her many complaints and target her for termination or forced resignation.

    Just days prior to her termination, Plaintiff was forced to a meeting with Teddy Garmon, Cite Manager. Mr. Garmon exhibited a threatening posture, speaking to Plaintiff in a boisterous manner, using profanities, flailing his hands, while moving in an aggressive manner towards Plaintiff. Plaintiff attempted to exit situation, Mr. Garmon intentionally placed his greater than 6 foot Tall, 350 Pound frame in the way thereby, arresting Plaintiff's ability to exit the threatening situation. Plaintiff reported this matter immediately. Out of fear for her safety and being intimidated by the menacing presence of the Manager, Plaintiff stayed in her position and endured the threatening ordeal. Mr. Garmon threatened Plaintiff that she would be terminated if she did not like what he had to say.

26. All of these actions described herein occurred in the Eastern District of Missouri.

27. All of the actions described herein were taken by agents, servants or employees of the defendants acting within the course and scope of their relationship and or employment with Defendants.

## COUNT I
## (ALLIED & U.P.S.)
## TITLE VII -- DISCRIMINATION

28. Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 27 herein.
29. Defendant intentionally engaged in unlawful employment practices by discriminating against Plaintiff based upon her, gender, all in violation of 42 U.S.C. Section 2000(3) et seq., Title VII of the Civil Rights Act of 1964, as amended, by practices, acts and omissions, as set out hereinabove. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 2000(3) 5-(f), 28 U.S.C. Sections 1331 and 1343 (3) and (4).
30. At all pertinent times herein, Plaintiff was either an employee of defendant that was discriminated against as a result of her gender, or in the alternative was denied continued employment by defendant on the basis of her gender.
31. The discriminatory conduct of Defendant and Defendant agents was permitted and condoned by defendant and supervisors and managers against Plaintiff.
32. The discriminatory conduct of Defendant resulted in Plaintiff being treated differently, cutting back her work hours, blatant harassment and evil motive by Defendant.
33. As a direct and proximate result of the Defendants actions, Plaintiff has suffered and will continue to suffer a loss in the form of lost wages / earnings and other employment benefits and job opportunities. Vocational – Professional losses in the form of detrimental job record and future pecuniary loss. Emotional Pain, suffering, inconvenience, loss of enjoyment of life and mental distress in the form of embarrassment, humiliation and anxiety. Plaintiff is thereby entitled to general,

compensatory and punitive damages in an amount to be proven at trial. Defendant acts and inactions constitute discrimination in violation of Title VII.

**WHEREFORE,** Plaintiff requests that the Court assume jurisdiction and:

A. Declare the conduct of defendant to be in violation of the rights guaranteed to the Plaintiff under the appropriate federal law.

B. Direct the defendant to compensate the Plaintiff for her losses, with back pay and all other benefits, increments, etc., to which she is entitled.

C. Direct defendant to reinstate Plaintiff to her position with Defendant under non-discriminatory circumstances, or in the alternative, "front pay" as allowed by law.

D. Award the Plaintiff costs and reasonable attorney's fees.

E. Award the Plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to Plaintiff.

## COUNT II –

### (ALLIED & U.P.S.)

### CLAIMS UNDER 42 U.S.C. Section 1981

### Discrimination Gender/ Retaliation

34. Plaintiff re-alleges paragraphs 1 through 33 hereinabove.

35. The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident to her employment, such as, but not limited to, compensation, disparate treatment and retaliation and other considerations accorded other employees, because of her gender, retaliation, all in violation of 42 U.S.C. Section 1981. Defendant thus maintains a pattern, practice, and policy of racial and other discrimination and retaliation in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

36. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

37. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career potential; and personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

38. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein and relevant to the advancement of this cause, pursuant to the provisions of 42 U.S.C. Section 1981; Including any expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

39. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

**WHEREFORE,** Plaintiff prays under COUNT II, of his Complaint that this Court find that the defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities and , because of said unlawful employment practices, grant and award:

A Permanent injunction enjoining defendant, its officers, agents, employees, successors and assigns, and all persons acting in concert and or participating with defendant, from engaging in any employment practice which discriminates against persons because of race, including plaintiff herein; Reinstatement to her position with defendant; A judgment in an amount allowed by law for his actual, exemplary and punitive damages as will punish the defendant and deter similar unlawful, discriminatory, retaliatory and malicious acts in the future; awarding plaintiff the cost and expenses of this litigation, including reasonable attorney's fees as well as expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000e- 5(k), as amended; and any such other relief as this Court deems just and proper.

## COUNT III

### (ALLIED & U.P.S. & Supervisor Teddy Garmon)
### COGNIZABLE UNDER MISSOURI HUMAN RIGHTS ACT
### Gender Discrimination

40. Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

41. Plaintiff was treated worse than similarly situated male co-workers affecting terms and conditions of her employment because of her sex.

42. Plaintiff was disciplined for no legitimate reason.

43. Similarly situated male employees were not subject to the behavior described herein above.

44. By engaging in the behavior set forth herein above, Defendant engaged in conduct proscribed by Mo. Rev. Stat. 213 et. seq.

45. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress as well as other damages and loss and is therefore entitled to monetary damages.

46. The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident to his employment, such as, but not limited to, compensation, disparate treatment and retaliation and other considerations accorded other employees, because of her sex, retaliation, all in violation of Mo Hum Rights Act sect 213. Defendant thus maintains a pattern, practice, and policy of racial and other discrimination and retaliation in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

47. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

48. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career potential; and personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

49. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein and relevant to the

advancement of this cause, pursuant to the provisions of 42 U.S.C. Section 1981;

Including any expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

50. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

51. Defendant is liable for the conduct described hereinabove.

WHEREFORE, Plaintiff prays that this court:

   i. Direct Defendants to place Plaintiff in the position she would have occupied but for the Defendants'' discriminatory treatment, and make her whole for all earnings she would have received but for Defendants' conduct including but not limited to wages and lost benefits;
  ii. Awarding Plaintiff the cost of this action, along with reasonable Attorney's fees;
 iii. Awarding Plaintiff compensatory damages, damages for mental anguish and emotional distress, and damages for humiliation in the maximum amount under the Missouri Human Rights Act;
  iv. Awarding Plaintiff such punitive damages as will punish the Defendant and deter future conduct along with any and all other relief allowed by statute and as this court deems just and appropriate.

## COUNT IV

### COGNIZABLE UNDER MISSOURI HUMAN RIGHTS ACT
### Retaliation

**(ALLIED & U.P.S. & Supervisor Teddy Garmon & Supervisor Patricia Smith)**

52. Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

53. Plaintiff opposed the discriminatory conduct described hereinabove by making internal complaint(s) to Defendant.

54. Defendant failed to ameliorate and or address Plaintiff's concerns as mentioned hereinabove.

55. Plaintiff was threatened not to speak with anyone about her complaints or she would face termination.

56. Plaintiff advised Defendant that she had spoken with the EEOC about her concerns.

57. In response to the above notice that Plaintiff had spoken with the EEOC, Defendant closely scrutinized Plaintiff's work; disciplined her for no legitimate reason and treated her worse than others who had not spoken with the EEOC.

58. Plaintiff was advised that she received a written warning and when Plaintiff inquired about the written warning, Defendant simply gave no explanation nor the nature of this alleged written warning.

59. The conduct described herein and herein above was taken by Defendant in response to Plaintiff's many complaints opposing discriminatory conduct and her notifying the EEOC of her concerns after Defendant failed to ameliorate the conduct of Plaintiff's complaints.

60. By engaging in the behavior set forth herein above, Defendant engaged in conduct proscribed by Mo. Rev. Stat. 213 et. seq.

61. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress as well as other damages and loss and is therefore entitled to monetary damages.

62. The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident to his employment, such as, but not limited to, compensation, disparate treatment and retaliation and other considerations accorded other employees, because of her race, retaliation, all in violation of Mo Hum Rights Act sect 213. Defendant thus maintains a pattern, practice, and policy of racial and other discrimination and retaliation in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

63. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

64. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career potential; and personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

65. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein and relevant to the

advancement of this cause, pursuant to the provisions of 42 U.S.C. Section 1981;

Including any expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

66. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

67. Defendant is liable for the conduct described hereinabove.

WHEREFORE, Plaintiff prays that this court:

i. Direct Defendants to place Plaintiff in the position she would have occupied but for the Defendants'' discriminatory treatment, and make her whole for all earnings she would have received but for Defendants' conduct including but not limited to wages and lost benefits;

ii. Awarding Plaintiff the cost of this action, along with reasonable Attorney's fees;

iii. Awarding Plaintiff compensatory damages, damages for mental anguish and emotional distress, and damages for humiliation in the maximum amount under the Missouri Human Rights Act;

iv. Awarding Plaintiff such punitive damages as will punish the Defendant and deter future conduct along with any and all other relief allowed by statute and as this court deems just and appropriate.

## COUNT V

## UNLAWFUL SEIZURE

### COGNIZABLE UNDER 42 U.S.C. Section 1983
### (Allied Barton and Teddy Garmon)

For her cause of action against Defendants in Count V, Plaintiff states:

68. By this reference, Plaintiff incorporates each and every allegation and averment contained in all previous paragraphs of this Complaint as though fully set forth herein.

69. The Defendants, acting alone or together and in concert, without a lawful authority or cause forcefully arrested Plaintiff's liberty to move. Plaintiff was unlawfully physically assaulted and physically confined and not allowed to leave a threatening unlawful environment.

70. Alternatively, each Defendant failed to prevent the constitutional violations committed by the other.

71. Defendant Teddy Garmon, when conducting this unlawful seizure, was functioning as a licensed Security Officer in full official uniform and on the grounds of U.P.S.; Licensed in the State of Missouri and as such, conducted himself under color of law.

72. The arrest and detention were in violation of the Plaintiff's right to be secure in her person against unreasonable seizure guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. Section 1983.

73. As a direct and proximate result of the arrest and detention of Plaintiff as afore described, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

74. The acts of Defendants and each of them as afore described were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the Defendants.

75. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI

### (All Defendants)

### TORTIOUS INTERFERENCE WITH CONTRACTS AND BUSINESS EXPECTANCIES

76. Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

77. The Defendants, at all times relevant to this cause of action, were party to a valid contract or valid business expectancy, of the providing of and or managing security services for the U.P. S. Facility Operation in Earth City Missouri.

78. The Defendants, at all times relevant to this cause of action had knowledge of said contract and or relationship and how Plaintiff was subjected to and or entangled in said relationship.

79. The Defendants intentionally interfered with said relationship, causing a breach of said contract and or relationship.

80. The Defendants intentionally interference was absent justification and as a result of same Plaintiff sustained damages and continues to suffer.

WHEREFORE, Plaintiff prays that this court:

    i. Direct Defendants to place Plaintiff in the position she would have occupied but for the Defendants'' tortious interference, and make her whole for all earnings she would have received but for Defendants' conduct including but not limited to wages and lost benefits;

ii. Awarding Plaintiff the cost of this action, along with reasonable Attorney's fees;

iii. Awarding Plaintiff compensatory damages, damages for mental anguish and emotional distress, and damages for humiliation in the maximum amount under the Missouri Human Rights Act;

iv. Awarding Plaintiff such punitive damages as will punish the Defendant and deter future conduct along with any and all other relief allowed by statute and as this court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial on all the hereinabove raised issues.



/S/James Robinson   #30969
LAW OFFICE OF JAMES ROBINSON LLC
1100 North Sarah
P.O. BOX # 372051
St. Louis, Missouri 63137
314-667-5303 Office
314-653-1421 Fax

Counsel For Plaintiff

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Dinetta Wiggins<br>c/o James Robinson, LLC<br>The Law Office's of James Robinson, LLC<br>Critique Office Building<br>P. O. Box 372051<br>Saint Louis, MO 63138 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28F-2016-00001 | **Joseph J. Wilson,**<br>**State & Local Program Manager** | **(314) 539-7816** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
James R. Neely, Jr.,
Director

March 3, 2016
*(Date Mailed)*

Enclosures(s)

cc:   **ALLIED BARTON SECRUITY**
      Attn: Brian Wallen, Manager, Employment Practices
      Eight Tower Bridge
      161 Washington Street, Suite 600
      Conshohocken, PA 19428

5/27/16